Garrett Michael Goldup

4128 Wabash Ave., #15 San Diego, CA 9

858.345.0125

Plaintiff, Pro Se

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Garrett Michael Goldup,<br><br>Plaintiff,<br><br>vs.<br><br>Valley View Casino & Hotel,<br>Boyd Long<br><br>Defendant. | Case No.: 24CV00786JASAHG<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO DISMISS**<br><br>Judicial Officer: Janis A. Sammartino<br><br>Courtroom Number:<br><br>Date & Time of Hearing: |

TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

Plaintiff Garrett Michael Goldup, proceeding pro se, submits this Opposition to the Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint ("SAC") for the reasons outlined below. Plaintiff respectfully requests that the Court deny the Motion in its entirety, as the Defendants' arguments under Federal Rules of Civil Procedure (FRCP) 12(b)(1), 12(b)(6), and 12(b)(7) are without merit and the Plaintiff's claims are fully supported by law.

## I. INTRODUCTION

Defendants' Motion to Dismiss presents a fundamentally flawed interpretation of the law regarding subject matter jurisdiction, failure to state a claim, and the joinder of necessary parties. At the heart of this case is Plaintiff's right under the Americans with Disabilities Act (ADA) to access public accommodations with his medical service dog. The ADA mandates equal access for individuals with disabilities, and the Defendants violated this right when they denied Plaintiff access to the Valley View Casino & Hotel, a public accommodation, on multiple occasions due to his use of a service animal.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss can only be granted if the plaintiff has failed to state a claim upon which relief can be granted. As established by Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the complaint must merely allege enough facts to make the claim plausible on its face. The court must accept all factual allegations as true and construe them in the light most favorable to the plaintiff (Ashcroft v. Iqbal, 556 U.S. 662 (2009)). Similarly, a dismissal under FRCP 12(b)(1) for lack of subject matter jurisdiction requires that the court find there is no plausible claim of jurisdiction, which is not the case here.

## III. RESPONSE TO FRCP 12(b)(1) – LACK OF SUBJECT MATTER JURISDICTION

### A. Tribal Sovereign Immunity Does Not Apply to All Defendants

The Defendants argue that the case should be dismissed for lack of subject matter jurisdiction because Valley View Casino & Hotel is not a legal entity and is owned by the San Pasqual Band of Mission Indians, which enjoys sovereign immunity. While the San Pasqual Band may have immunity from lawsuits, this argument misapplies the doctrine of sovereign immunity as it pertains to the claims under the ADA and mischaracterizes the role of individual liability under this statute.

The ADA applies broadly to public accommodations, and Tribal Sovereign Immunity does not extend to all actors involved in a discriminatory act. Boyd Long, in his individual capacity, can be held liable for discriminatory actions taken as part of his employment with the casino. Sovereign immunity does not shield individual defendants from ADA claims where they engage in discriminatory acts. As in Maxwell v. County of San Diego, 708 F.3d 1075 (9th Cir. 2013), sovereign immunity does not protect individuals from claims under federal civil rights statutes.

B. Valley View Casino's Public Accommodation Status and ADA Obligations

The ADA, under 42 U.S.C. § 12182(a), prohibits discrimination on the basis of disability in places of public accommodation. The Valley View Casino & Hotel operates as a public accommodation subject to ADA regulations, as it provides lodging, entertainment, and other services to the general public. Despite Defendants' claim that the casino is not a legal entity, the ADA does not permit businesses or their agents to evade liability through ownership by a sovereign entity.

Cook v. AVI Casino Enters., Inc., 548 F.3d 718 (9th Cir. 2008), holds that the ADA applies to tribally owned businesses engaged in commercial enterprises that are open to the public. In Cook, the court found that a tribal casino, while benefiting from the tribe's sovereign immunity, must still comply with ADA regulations as a public accommodation.

Defendants cite no statutory or case law authority that tribal casinos are exempt from ADA compliance. Moreover, the ADA applies even in cases where tribal entities own or manage the public accommodation, as long as the facility offers goods or services to the public. Thus, the Defendants' argument under FRCP 12(b)(1) must be rejected, as this Court has clear jurisdiction over ADA claims involving public accommodations.

## IV. RESPONSE TO FRCP 12(b)(6) – FAILURE TO STATE A CLAIM

### A. Plaintiff's Allegations Support a Valid ADA Claim

The Defendants argue that Plaintiff has failed to state a claim under FRCP 12(b)(6). This argument lacks merit, as the Second Amended Complaint adequately pleads all the elements necessary for a valid ADA claim.

To state a claim under the ADA for failure to accommodate a service animal, Plaintiff must allege that:

1. The defendant is a public accommodation under the ADA;

2. The plaintiff has a disability;

3. The plaintiff was denied full and equal access to the public accommodation due to their disability.

Plaintiff's Second Amended Complaint clearly demonstrates that he suffers from a disability, requires the assistance of a service dog, and was repeatedly denied access to the casino because of his use of the service dog. These facts establish a prima facie case under the ADA, and dismissal is not appropriate. In Lentini v. Cal. Ctr. for the Arts, 370 F.3d 837 (9th Cir. 2004), the court held that denial of access due to a service animal constitutes a violation of the ADA's public accommodation provisions, supporting the Plaintiff's claim.

## V. RESPONSE TO FRCP 12(b)(7) – FAILURE TO JOIN INDISPENSABLE PARTIES

### A. The San Pasqual Band and Its Enterprises Are Not Indispensable Parties

Defendants argue that the San Pasqual Band of Mission Indians and the San Pasqual Casino Development Group, Inc. (SPCDGI) are necessary parties under FRCP 19 and must be joined to the lawsuit. This argument is also flawed. The Plaintiff's primary claims are against Boyd Long, who can be held individually liable for ADA violations regardless of the tribal ownership of the casino. The San Pasqual Band is not a required party because this suit primarily concerns the actions of an individual who denied ADA accommodations. The Ninth Circuit has consistently held that suits against individuals in their personal capacities under the ADA can proceed without the necessity of joining the tribal entities they work for (Allen v. Gold Country Casino, 464 F.3d 1044 (9th Cir. 2006)).

Additionally, tribal sovereign immunity does not automatically make the tribe an indispensable party. In Diné Citizens Against Ruining Our Env't v. Bureau of Indian Affairs, 932 F.3d 843 (9th Cir. 2020), the court held that a suit can proceed without joining tribal entities when the plaintiff seeks relief against non-tribal parties. Therefore, joinder of the San Pasqual Band and SPCDGI is not necessary to adjudicate this case.

## VI. CONCLUSION

For the reasons outlined above, Defendants' Motion to Dismiss should be denied in its entirety. Plaintiff has properly alleged claims under the ADA, and this Court has subject matter jurisdiction over this action. Tribal sovereign immunity does not apply to the individual claims against Boyd Long, and the San Pasqual Band and its entities are not indispensable parties to this lawsuit.

Plaintiff respectfully requests that this Court deny Defendants' Motion and allow this case to proceed to discovery and trial.

Dated: October 2nd 2024

Respectfully submitted,

/s/ Garrett Michael Goldup
Plaintiff, Pro Se