UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRETT MICHAEL GOLDUP,<br><br>Plaintiff,<br><br>v.<br><br>VALLEY VIEW CASINO & HOTEL; JOHN DOE NO. 1; JOHN DOE NO. 2; and BOYD LONG,<br><br>Defendants. | Case No.: 24-CV-786 JLS (AHG)<br><br>**ORDER:**<br><br>**(1) *SUA SPONTE* STRIKING PLAINTIFF'S OPPOSITION TO DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS AND REQUEST FOR DISCOVERY, AND**<br><br>**(2) GRANTING PLAINTIFF'S MOTION REQUESTING ORAL ARGUMENTS**<br><br>(ECF Nos. 24, 25) |

Presently before the Court is Plaintiff Garrett Michael Goldup's Motion Requesting Oral Arguments ("Mot.," ECF No. 25). Plaintiff's Motion pertains to Defendants Valley View Casino & Hotel and Boyd Long's Motion to Dismiss Second Amended Complaint ("MTD," ECF No. 18). On October 2, 2024, the Court vacated the originally scheduled October 9, 2024 hearing on the Motion to Dismiss and took the Motion to Dismiss under submission. ECF No. 20. After the Motion to Dismiss became fully briefed pursuant to

Civil Local Rule 7.1(e), Plaintiff filed a Sur-Reply, styled an Opposition to Defendants' Reply in Support of Motion to Dismiss and Request for Discovery ("Sur-Reply," ECF No. 24), and about three months later, filed the instant Motion Requesting Oral Arguments.

As an initial matter, Plaintiff improperly filed the Sur-Reply without Court permission. *See* S.D. Cal. CivLR 7.1(e). "The Local Rules in this District do not authorize the filing of a sur-reply," and Plaintiff did not seek leave of Court to do so here. *Est. of Alvarado v. Tackett*, No. 13-CV-1202 W (JMA), 2018 WL 1141502, at *1 (S.D. Cal. Mar. 2, 2018). Local Rule 7.1 is "no empty formality." *Kashin v. Kent*, No. 02CV2495-LAB (WMC), 2007 WL 1975435, at *1 (S.D. Cal. Apr. 26, 2007), *aff'd*, 342 F. App'x 341 (9th Cir. 2009). It facilitates the orderly administration of noticed motions such that every party has an opportunity to be heard. The Court has "the discretion to either permit or preclude the filing of a sur-reply," and that discretion "should be exercised in favor of allowing a sur-reply only where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *Hill v. England*, No. CVF05869RECTAG, 2005 WL 3031136 (E.D. Cal. Nov. 8, 2005) (quoting *Fedrick v. Mercedes-Benz USA, LLC*, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005)).

Plaintiff's failure to comply with the Civil Local Rules is grounds enough to reject the filing. *See Kashin*, 2007 WL 1975435, at *2; *see also* S.D. Cal. CivLR 83.1(a) (providing that failure to comply with the Civil Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or rule or within the inherent power of the Court"). But Defendants' arguments in their Reply ("Reply," ECF No. 23) also largely mimic their arguments in their Motion to Dismiss, reinforcing the superfluity of the Sur-Reply.[1] Accordingly, the Court *sua sponte* **STRIKES** Plaintiff's

---

[1] To the extent Defendants raise the new argument in their Reply—not rooted in their Motion to Dismiss—that Plaintiff lacks Article III standing to sue Defendant Long, *see* Reply at 8–9, the Court will not consider that argument outside of the Court's independent "duty to establish subject matter jurisdiction [which] is not contingent upon the parties' arguments." *United Invs. Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004); *see also United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992) (noting courts typically decline to consider arguments raised for the first time in a reply brief). In any

Sur-Reply (ECF No. 24) and "will not consider the sur-reply brief in resolving the motion to dismiss . . . ."[2] *Hill*, 2005 WL 3031136, at *1 ("It is apparent from the sur-reply brief that plaintiff is merely posing the same or additional arguments in opposition to the motion to dismiss.").

As to his request for a hearing on the Motion to Dismiss, Plaintiff represents that he has been diagnosed with dyslexia and a learning disability, thus presenting "significant challenges in written communication, including organizing and articulating complex legal arguments effectively." Mot. at 2. Citing this nation's longstanding recognition of leniency afforded pro se litigants and the United States Supreme Court's extension of Title II of the Americans with Disabilities Act ("ADA") to judicial proceedings, *see id.* at 3 (citing *Tennessee v. Lane*, 541 U.S. 509 (2004)), Plaintiff essentially seeks a reasonable accommodation to ensure his disabilities do not "impair his ability to communicate effectively" with the Court, *see id.* In short, Plaintiff argues that holding an oral argument would aid the Court in addressing the complex issues at the heart of this case in light of Plaintiff's struggle to communicate in writing. *See id.* at 4 (citing *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971 (9th Cir. 1994)). Defendants have not filed a response.

---

event, Plaintiff's Sur-Reply is not responsive to Defendants' newly raised argument, so the Sur-Reply is otherwise unhelpful in assisting the Court in resolving the instant Motion to Dismiss.

[2] In the Sur-Reply, Plaintiff also seeks jurisdictional discovery related to Valley View Casino's "other potential governmental partnerships or agreements" because they are purportedly "critical for understanding the full scope of the Casino's obligations under federal law." Sur-Reply at 7. This request asks too much as "a mere hunch that discovery might yield jurisdictionally relevant facts, or bare allegations in the face of specific denials are insufficient reasons for a court to grant jurisdictional discovery." *Smith v. Progressive Produce LLC*, 2022 WL 1210647, at *4 (D. Ariz. Mar. 1, 2022) (quoting *LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 864–65 (9th Cir. 2022)).

Plaintiff further seeks discovery related to Defendant Long's role at Valley View Casino, *see* Sur-Reply at 8, but discovery is strongly disfavored, absent extraordinary circumstances, "[w]hen a case is still in the pleadings stage and a motion to dismiss is pending," *Duran v. City of Porterville*, No. 1:12-cv-1239-LJO BAM, 2013 WL 12430031, at *1 (E.D. Cal. Jan. 17, 2013).

Thus, even if the Court had accepted the Sur-Reply, Plaintiff's discovery requests would have been unavailing.

To the extent Plaintiff suggests he is entitled to an oral hearing, that suggestion is misplaced. When the Court took this matter under submission without oral argument on October 2, 2024, it properly exercised its discretion under the applicable rules of procedure. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); *see also* S.D. Cal. CivLR 7.1(d)(1) ("A judge may, in the judge's discretion, decide a motion without oral argument."). So too did the Court exercise its discretion within the limits of constitutional due process. *See Morrow v. Topping*, 437 F.2d 1155, 1156–57 (9th Cir. 1971) (holding that a district court that acted on a motion to dismiss without oral argument "did [not] deny plaintiff due process of law" (citing *Fed. Commc'ns Comm'n v. WJR, The Goodwill Station, Inc.*, 337 U.S. 265, 272–85 (1949))). And despite Plaintiff's invocation of the ADA, "[i]t is well-settled . . . that the federal government, including its district courts, is exempted" from coverage under Title II of the ADA. *Patrick v. U.S. Postal Serv.*, No. CV-10-0650-PHX-ECV, 2010 WL 4879161, at *2 (D. Ariz. Nov. 23, 2010) (first citing *Cellular Phone Taskforce v. Fed. Commc'ns Comm'n*, 217 F.3d 72, 73 (2d Cir. 2000); then citing *Thomas v. Nakatani*, 128 F. Supp. 2d 684, 691 (D. Haw. 2000); and then citing *Turgeon v. Brock*, No. CIV. 94-269-SD, 1994 WL 803506, at *1 (D.N.H. 1994)).

Nevertheless, "[t]he Judicial Conference of the United States has long supported full access to judicial proceedings by all segments of the disabled community." *Id.* at *4. To that end, the Judicial Conference has "adopted a policy that all federal courts should provide reasonable accommodations to persons with communications disabilities." Report of the Proceedings of the Judicial Conference 75 (Sept. 1995); *see also Guide to Judiciary Policy* (the "*Guide*"), Vol. 5, Ch 2, § 255 (requiring courts to "provide sign language interpreters or other auxiliary aids and services to participants in federal judicial proceedings who are deaf, hearing impaired, or have communication disabilities").[3] Thus,

---

[3] The *Guide*, available only to the federal judiciary at http://jnet.ao.dcn/Guide/Index.html, "is the official medium by which direction as to courtroom procedures and other information are provided to the Federal Judiciary in support of its day-to-day operations. The *Guide* also codifies policies which are promulgated

although the Court finds that the written materials Plaintiff has filed with the Court are coherent and clearly articulate Plaintiff's arguments as they pertain to Defendants' Motion to Dismiss, it is in the interests of justice, because of Plaintiff's purported dyslexia and learning disabilities, to permit Plaintiff an opportunity to orally express to the Court his positions as they relate to Defendants' Motion to Dismiss. However, "to secure the just, speedy, and inexpensive determination of [this] proceeding," Fed. R. Civ. P. 1, the Court will not require the Parties to appear in person and will only allow each side a modest ten (10) minutes to make their presentation.

Accordingly, Plaintiff's Motion Requesting Oral Arguments (ECF No. 25) is **GRANTED**. The Court **SETS** a telephonic hearing for Defendants' Motion to Dismiss (ECF No. 18) for February 20, 2025, at 10:00 a.m. PST. The Parties **SHALL CONTACT** the Courtroom Deputy by e-mail at Adrianna_Garcia@casd.uscourts.gov for teleconferencing access information in advance of the hearing.

**IT IS SO ORDERED.**

Dated: January 31, 2025

Hon. Janis L. Sammartino
United States District Judge

---

by [the] Director of the Administrative Office ("AO") and approved by the Judicial Conference of the United States." *Kitzmiller v. Dover Area Sch. Dist.*, 388 F. Supp. 2d 484, 486–87 (M.D. Pa. 2005).